HANNAH STILLS *vs.* PHINEAS HARMON.

An executor is not liable by the trustee process, as the trustee of the heir of a deceased legatee, for the amount of a legacy in his hands, which was due to the legatee at the time of his decease.

THIS was a writ of *scire facias* against the defendant, as the trustee of Marsh Stills, and was submitted to the court upon the following statement of facts:

John Stills, by his will, bequeathed thirty dollars to his son Marsh Stills, the principal defendant in the original suit, and one hundred dollars to his granddaughter Eliza Stills, payable in six years from his decease. The will was duly proved, and Phineas Harmon, the defendant, the executor named therein, appointed executor. After the death of John Stills, Eliza Stills died, leaving her father Marsh Stills her only heir at law. The legacies above mentioned became payable on or about the 6th of May, 1849; and a few days afterwards this trustee process was served on the defendant, who at that time had the legacies in his hands and possession as executor of John Stills. The defendant in his trustee's answer claimed the right to set off a note of Marsh Stills held by him, against an equal amount of the legacies. The court of common pleas disallowed this claim in set-off, and adjudged the defendant to be the trustee of Marsh Stills. The latter afterwards paid on execution the sum of sixty dollars and sixteen cents, being

the balance due on the execution, after deducting the amount of his note held by Harmon. This writ of *scire facias* was then sued out returnable to the June term of the court of common pleas, 1850. The defendant, in his answer, claimed an allowance of the amount of the note in part satisfaction of the legacies, but the court disallowed it, and rendered judgment for the plaintiff, whereupon the defendant appealed.

If the court are of opinion that the defendant has no right to deduct the amount of the note held by him against Marsh Stills, the judgment is to be affirmed. But if the defendant has the right to deduct that amount, judgment is to be rendered for the balance, if any.

*W. T. Filley*, for the plaintiff.

*J. C. Wolcott*, for the defendant.

Dewey, J. This is *scire facias* against the defendant as the alleged trustee of one Marsh Stills. The plaintiff seeks to charge the defendant, in his capacity of executor of the last will and testament of one John Stills, who, by his will, gave a legacy of thirty dollars to Marsh Stills, and also a legacy of one hundred dollars to Eliza Stills, the daughter of Marsh Stills. Eliza Stills died before the payment of the legacy to her, leaving her father Marsh Stills her sole heir at law. The case, as presented upon the points submitted at the argument, places the defence upon the ground of a set-off; the defendant holding in his private capacity a promissory note of hand against Marsh Stills, which he seeks to set off against the claim of John Stills for the legacies above named. This raised the question as to the right of setting off a private demand, held by an executor who might be sued as a trustee of a legatee under the will by a creditor of such legatee. But upon the facts stated in the case, there is another objection which is fatal to the maintenance of this action.

The right to summon an executor, as a trustee of those who are by the will made legatees, is wholly under the statute, independent of which no such process would lie against the executor. The statute provision is in Rev. Sts. *c.* 109, § 62, and is to this effect, viz., " Any legacy due from an executor, and any other goods, effects and credits, in the

hands of an executor, may be attached in his hands by the process of foreign attachment." As to the legacy to Marsh Stills of thirty dollars, that presents a case within the statute, and one in which the executor might be charged in the process of foreign attachment. But the principal question here, and indeed the only one upon which the *scire facias* can be maintained, is as to the legacy to Eliza Stills; a payment having been made by the defendant to the plaintiff upon his judgment against Marsh Stills to an amount exceeding the legacy to Marsh Stills.

In the opinion of the court, the legacy to Eliza Stills furnishes no ground for the process of foreign attachment by a creditor of Marsh Stills. The defendant is the executor of John Stills, and, as such executor, is not liable to Marsh Stills for a legacy to his daughter Eliza Stills, who died after her right to such legacy had accrued. It is not enough that Marsh Stills is the heir at law of Eliza Stills to authorize this action. Before any proceeding at law can be instituted against the executor of John Stills, for the legacy to Eliza Stills, administration on her estate must be taken by some one, and this legacy will be assets in the hands of her administrator, for distribution to her heirs at law, if not wanted to pay her debts. The legacy to Eliza Stills, therefore, furnishes no ground for charging the defendant; and the defendant, having paid on the judgment against the principal debtor, a sum greater than the legacy to him, cannot be further charged on this process. This renders it unnecessary to consider the question as to the right of the defendant to set off his private demand. *Judgment for the defendant.*